STATE OF NEW JERSEY, PLAINTIFF, v. SAMUEL KLIGER-
MAN AND ETHEL KLIGERMAN, DEFENDANTS.

Atlantic County Court

May 28, 1974.

*Mr. Mark Biel* for the State (*Messrs. Blatt, Blatt & Mai-
rone,* attorneys).

*Mr. Sidney M. Goodelman* for defendants.

HORN, A. J. S. C.: Defendants appeal from their individual convictions for parking their motor vehicles in front of or near their homes in Ventnor City at a time when during a two-hour period parking was prohibited under a municipal ordinance of said city. It appears that this ordinance was adopted for the purpose of keeping vehicles from parking during those hours to enable the city street-sweeper vehicle to perform its function.

Defendants admit the parking in violation of the ordinance but contend that the parking regulation is invalid by reason of the fact that the ordinance was not approved by the Director of the Division of Motor Vehicles. *N. J. S. A.* 39:4-202 and *N. J. S. A.* 39:4-8.

*N. J. S. A.* 39:4-8 provides in part that:

> No ordinance or resolution *concerning*, regulating or governing traffic or *traffic conditions*, adopted or enacted by any board or body having jurisdiction over highways, * * * shall be of any force or effect, unless the same is approved by the director or has been approved by the Commissioner of Motor Vehicles or the Traffic Commissioner according to law. [Emphasis supplied]

The city contends that parking regulations do not come within the scope of this section. I disagree.

The concept which forms the foundation of the city's contention is that because the traffic channel of the street is widened the effect of the parking prohibition is such that it does not concern traffic or regulate traffic. It would have to concede that if it permitted parking in the street it would concern traffic because it would restrict or narrow the channel for moving vehicles. The requirement of approval may not be measured by the beneficial or deleterious effect on traffic which the regulation may impose.

Traffic is defined as meaning vehicles, either singly or together, while using any highway for purposes of travel. *N. J. S. A.* 39:1-1. A street-sweeper is a vehicle and clearing the street for the purpose of arranging for its travelling thereon concerns traffic.

The fact that the regulation may be justified under the police power of the municipality likewise does not present any basis for eliminating the necessity for approval. Nothing is found in the motor vehicle law which lends such interpretation.

*N. J. S. A.* 39:4-197 specifically authorizes municipalities to enact ordinaces "[r]egulating the parking of vehicles on streets and portions thereof * * *."

*N. J. S. A.* 39:4-202 directs that "(n)o resolution ordinance or regulation passed, enacted or established under the authority of this article, shall be effective until submitted to and approved by the director [of motor vehicles] as provided in section 39:4-8 of this Title."

Our former Supreme Court, in *Eveler v. Atlantic City,* 91 *N. J. L.* 135 (1917), set aside a conviction under a municipal ordinance which restricted parking at a stated location for a longer period of time than required to load and unload.

The court in that case referred to the then applicable statute prohibiting municipalities from passing ordinance on matters covered in the traffic statute but authorizing the passage of such

* * * which apply to a special condition existing in such municipality alone on designated subjects and within certain limitations, one of which is "regulations governing the parking of vehicles on streets and portions of streets," but all such ordinances passed shall not be in force and effect until the same have been submitted to the commissioner (now director) of motor vehicles and approved by him.

*Librizzi v. Plunkett,* 126 *N. J. L.* 17 (Sup. Ct. 1940), is not to the contrary. In fact, a careful reading of same establishes that it supports the same conclusion. It merely held that an ordinance regulating a business of removing vehicles from streets and highways was not sufficiently identified as regulating traffic so as to require approval of the Commissioner of Motor Vehicles under the prevalent statutory enactments.

*State v. Dorman,* 124 *N. J. Super.* 160 (App. Div. 1973), impliedly holds that parking regulations are a subject of approval under the applicable statutes referred to.

The court has been informed that the ordinance under attack in ahe instant case was submitted to the Commissioner of Transportation (*N. J. S. A.* 27:1A–3) and has been approved. However, since it admittedly had not been approved when defendants allegedly violated the ordinance, it was not valid and effective.

Accordingly, the judgment of conviction entered below is reversed.